# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-0263V
UNPUBLISHED

| | |
|---|---|
| HELEN PICHARDO, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: November 17, 2021 <br><br> Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Leigh Finfer*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On March 9, 2020, Helen Pichardo filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on October 3, 2018. Petition at 1, 6-7. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 10, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On November 17, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $80,000.00 for all damages, including pain and suffering. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $80,000.00, (for pain and suffering) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| HELEN PICHARDO, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 20-263V **(ECF)** |
| v. ) | Chief Special Master Corcoran |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## PROFFER ON AWARD OF COMPENSATION[1]

**I.     Procedural History**

On March 9, 2020, Mindy Botts ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. She alleges that, as a result of receiving the influenza vaccine on October 3, 2018, she suffered from a left shoulder injury. *See* Petition at 1. On August 9, 2021, respondent filed his Vaccine Rule 4(c) report, concluding that petitioner suffered SIRVA as defined by the Vaccine Injury Table, within the Table timeframe. ECF No. 27. On August 10, 2021, the Chief Special Master issued a ruling on entitlement, finding that petitioner was entitled to compensation for a SIRVA Table injury. ECF No. 28.

**II.    Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$80,000.00** for all damages. This amount reflects pain and suffering, and represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

1

15(a). Petitioner agrees.

### III. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following: A lump sum payment of **$80,000.00**, in the form of a check payable to petitioner.[2]  Petitioner agrees.

                Respectfully submitted,

                BRIAN M. BOYNTON
                Acting Assistant Attorney General

                C. SALVATORE D'ALESSIO
                Acting Director
                Torts Branch, Civil Division

                HEATHER L. PEARLMAN
                Deputy Director
                Torts Branch, Civil Division

                ALEXIS B. BABCOCK
                Assistant Director
                Torts Branch, Civil Division

                /s/Camille M. Collett
                CAMILLE M. COLLETT
                Trial Attorney
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146
                Benjamin Franklin Station
                Washington, D.C. 20044-0146
                Tel: (202) 616-4098
DATED:  November 17, 2021      E-mail: Camille.M.Collett@usdoj.gov

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.